IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESPAÑOLA MERCANTILE COMPANY, INC.,

    Plaintiff-Counter Defendant,

v.                                                                     Civ. No. 07-1294 RLP/RHS

NORTH WIND, INC.,

    Defendant-Counter Plaintiff.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on North Wind, Inc's Motion to Disqualify Plaintiff-Counter Defendant's Expert Witness.  For the reasons set forth below, the motion will be denied and the Court will not require oral arguments.

This is a lawsuit brought by Española Mercantile Company, Inc. (EMC) against North Wind for money due and *quantum meruit*.  North Wind was awarded the contract for the construction of the Los Alamos Airport Landfill and Matcon Cap (the"Project").  North Wind then contracted with EMC "to supply an asphalt mix with a matcon binder and to place the asphalt pavement on to the main landfill area." First Amended Complaint, ¶ 8.  The contract allegedly also contains provisions concerning EMC's supply of equipment necessary for the paving.

The gist of the dispute is that EMC sued North Wind for non-payment under the contract.  North Wind counterclaimed, alleging that EMC failed to supply the necessary equipment for the matcon binder and that EMC's equipment broke down, causing delays and waste of the binder. The breakdown required North Wind to pay another company for equipment and manpower and also had to pay for the wasted material.

EMC's expert is Edmundo Lucero, P.E.  North Wind contends that his experience

is not current because he has never worked with matcon binders and that he has never been involved in lay down operations (placing the asphalt). EMC counters that Mr. Lucero has experience supervising lay down crews and is experienced with conventional asphalt paving practices and procedures.

Mr. Lucero submitted a three-page opinion letter. *See* Memorandum in Opposition to Motion to Disqualify [Doc. 31], Exhibit C. Basically, as a matter of his experience and training he states that the equipment was improper for the job and the improper equipment and handling contributed to the excess waste. "This in addition to a strict temperature specification and a long haul distance, contributed to material being rejected." Exhibit C at 2.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court has determined that where an expert's "factual basis, data, principles, methods or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co., v. Carmichael*, 526 U.S. 137, 149

(1999) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993)).

"First, the court must determine whether the expert is qualified by 'knowledge, skill, experience, training or education' to render an opinion. Second, if the expert is sufficient qualified, the court must determine whether the expert's opinion is reliable." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006) (quoting Fed.R.Evid. 702).

In *Kumho*, the Court emphasized that a court's inquiry into reliability must be "tied to the facts of a particular case" and in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," *Id*. at 150. The district court has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id*. at 152. Accordingly, a trial court's focus generally should not be upon the precise conclusions reached by the expert, but on the methodology employed in reaching those conclusions. *Daubert*, 509 U.S. at 595.

This case is set for a bench trial and the issue is whether Mr. Lucero's expertise in the area of equipment and paving operations would assist the Court. Based on the parties' submissions, I find that Mr. Lucero's training and experience would be helpful to the court as to matters of practices and procedures in the industry. And to the extent Mr. Lucero lacks experience with the matcon binder, such lack of experience goes to the weight of the evidence, not its admissibility.

IT IS THEREFORE ORDERED that North Wind, Inc.'s Motion to Disqualify Plaintiff

Counter-Defendant's Expert [Doc. 29] is denied.

    IT IS SO ORDERED.

                                                Richard L. Puglisi
                                                United States Magistrate Judge

4